DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Justin Evans, appeals the decision of the Summit County Court of Common Pleas finding him guilty of burglary and sentencing him to one year in prison. We affirm Defendant's conviction and sentence.
 {¶ 2} An indictment was filed on January 31, 2005, charging Defendant with burglary in violation of R.C. 2911.12(A)(2), a second degree felony. Defendant pled not guilty and a jury trial ensued. On April 27, 2005, the jury returned a verdict of not guilty of second degree burglary, but found Defendant guilty of fourth degree felony burglary, under R.C. 2911.12(A)(4), which was a lesser included offense. On May 12, 2005, Defendant was sentenced to twelve months in prison, with credit given for time served.
 {¶ 3} Defendant now appeals, asserting three assignments of error for our review. To facilitate ease of discussion, we will consider Defendant's first and second assignments of error together.
 ASSIGNMENT OF ERROR I
"[Defendant's] conviction of burglary was contrary to the manifest weight of the evidence."
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to grant [Defendant's] [Crim.R.] 29 motion to dismiss the burglary charge following the conclusion of the State's case."
 {¶ 4} In his first two assignments of error, Defendant argues that his conviction was both based on insufficient evidence and against the manifest weight of the evidence. We disagree.
 {¶ 5} While sufficiency of the evidence and manifest weight of the evidence are legally distinct issues, we note that a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5. Sufficient evidence is required to take a case to the jury, therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes with it a finding of sufficiency of the evidence. State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Consequently, we will focus our discussion on whether Defendant's convictions were against the manifest weight of the evidence.
 {¶ 6} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. SykesConstr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 7} Defendant was convicted of burglary under R.C.2911.12(A)(4) which provides that: "No person, by force, stealth, or deception, shall * * * (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 8} The testimony before us demonstrates that Defendant, by force, trespassed into another's house while that person and his fiancée were present. Larry Woods testified that on January 21, 2005, he and his fiancée were upstairs in their home when they heard a knocking on their door. The knocking turned into kicking, and Woods went downstairs to see what was going on. Woods stated that Defendant and a female ("Shelly") "kicked [his] door in and came in and verbally threatened [him]." Defendant had "his hand out to his side waiving it and [he had] a pistol in his hand." According to Woods, he owed Defendant $65.00.
 {¶ 9} Leaving Defendant and Shelly downstairs, Woods went upstairs to get dressed and his fianceé, who had been hiding in the closet, convinced him to call 911. While he was on the phone, he saw Defendant and Shelly "walking down the driveway, just casually walking and [they] took a right and went up Laird." Woods described to the 911 dispatcher what they were wearing and what direction they were headed, and that tape was introduced into evidence.
 {¶ 10} Officer Greg Mesko of the Akron Police Department testified that on January 21, 2005, he had received a call regarding a suspicious person with a gun. Officer Mesko found a suspect who the matched the given description around the corner from Woods' house. The description was that the suspect was a "black male, red jacket, white hoody, blue jeans and white tennis shoes," which is what Defendant had been wearing when he was stopped.
 {¶ 11} The State then introduced the testimony of Officer Marvin Murphy of the Akron Police Department who corroborated the testimony of Officer Mesko and stated that Woods had run out to where the police officers had stopped Defendant and told them that Defendant was the one that had broken his door and was in his house. Officer James Hardman, also of the Akron Police Department testified that Mr. Woods' "back, south side door [was] kicked in, the frame [was] lying to the right of the door, inside the kitchen * * * [a] couple of footprints * * * were smeared on the bottom of the door from where it was kicked." Defendant did not introduce any testimony contrary to the above testimony, but merely states that his conviction was against the manifest weight of the evidence and based on insufficient evidence.
 {¶ 12} The evidence before us persuades us that the trier of fact neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of burglary. As such, we find that Defendant's conviction was not against the manifest weight of the evidence. Having found that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of.Roberts, at 4.
 {¶ 13} We overrule Defendant's first and second assignments of error.
 ASSIGNMENT OF ERROR III
"Whether the trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to [R.C.] 2929.14(B)."
 {¶ 14} In his final assignment of error, Defendant argues that his sentence was contrary to Ohio law. We disagree.
 {¶ 15} Defendant was found guilty of a fourth degree felony. R.C. 2929.14(A)(4) provides that the basic prison term for a fourth degree felony is between six and eighteen months. In this case, Defendant was sentenced to twelve months in prison, well within the statutory guidelines.
 {¶ 16} R.C. 2929.14(B) provides that:
"if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} The trial court judge found, and it is uncontested that Defendant served a prior prison term. As Defendant had served a prior prison term, and as his sentence is within the Ohio sentencing guidelines, we find that his sentence was not contrary to Ohio law and we overrule Defendant's third assignment of error.
 {¶ 18} Defendant's three assignments of error are overruled and the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. Concur.